UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Civil Action No.:

STEVEN SIEGLER, individually,
and on behalf of all others similarly situated,

                Plaintiff,

vs.

BEST BUY CO. OF MINNESOTA, INC.,
a Minnesota Corporation, d/b/a BEST BUY CO., INC.,

                Defendant.

_____/

## CLASS ACTION COMPLAINT

COMES NOW, Plaintiff, STEVEN SIEGLER, and brings this class action on behalf of himself and a putative class of similarly situated persons who have had their personal information and/or highly restricted personal information taken, stored, disclosed and/or shared by Defendant, BEST BUY CO. OF MINNESOTA, INC., d/b/a BEST BUY CO., INC. ("Best Buy"), and in support thereof states as follows:

## INTRODUCTION

1.     This class action lawsuit addresses Best Buy's flagrant violation of 18 U.S.C. §2721 *et seq.*, known at the Drivers' Privacy Protection Act or "DPPA", by taking, storing, using and/or sharing customers' personal or highly restricted personal information, without consent, when customers make a normal return of Best Buy merchandise.

## JURISDICTION, VENUE & PARTIES

2.     This nationwide class action is within the original jurisdiction of this Court pursuant to 18 U.S.C. §2724, 29 U.S.C. §1332(d)(2) and the Class Action Fairness Act.  The amount in controversy of this class action exceeds five million dollars ($5,000,000.00), exclusive of interest and costs.

3.     Venue in this District satisfies the requirements of 28 U.S.C. §1391(b)(1-2) because a substantial amount of the events and occurrences giving rise to the claim occurred in this District, or a substantial part of the property that is the subject of this action is situated in this District.

4.     Plaintiff, Mr. Steven Siegler, is a resident of Palm Beach County, Florida, and purchased (and returned) an item at Best Buy Store No. 808, located at 550 N. Congress Ave., Boynton Beach, Palm Beach County, Florida 33426, as indicated in the purchase and return receipts attached hereto as Plaintiff's Exhibit "A".

5.     Defendant, Best Buy, is a corporation organized pursuant to the laws of the State of Minnesota, with its principle place of business located at 7601 Penn Ave. S., Richfield, Minnesota 55423.

6.     Best Buy is registered to conduct business in the State of Florida, and actually conducts business in the State of Florida, including operating the aforementioned store located in Boynton Beach, Palm Beach County, Florida.

## GENERAL ALLEGATIONS

7.     "[P]ersonal information… identifies an individual, including … photograph, social security number, driver identification number, name, address [], telephone number, and

medical or disability information… [while] highly restricted personal information [is a] photograph or image, social security number, medical or disability information…."  18 U.S.C. §2725.

8.      On or about October 19, 2011, Plaintiff purchased a Marathon Mouse at Best Buy Store No. 808, located in Boynton Beach, Florida.

9.      At no time *prior* to purchase did Best Buy inform Plaintiff of any return policy requiring Plaintiff to provide Best Buy with his personal information or highly restricted personal information in order to return the purchased item.

10.      On or about October 20, 2011, Plaintiff returned to Best Buy Store No. 808 to return the item purchased the day prior.

11.      Plaintiff presented the item in its original packaging, along with the receipt attached hereto as Exhibit "A" to the Best Buy Customer Service Desk at Best Buy Store No. 808, along with his debit card in order for the Best Buy Cashier to credit back his account for the amount of sale debited the day prior.  The Best Buy Cashier asked Plaintiff to see his drivers' license, which Plaintiff assumed was to confirm he was the same person as his receipt indicated; however, the Best Buy Cashier immediately upon taking possession of Plaintiff's Florida Drivers' License, without notice or warning, "swiped" Plaintiff's Florida Drivers' License at her register.

12.      Plaintiff demanded that his personal information be deleted and the transaction be reversed, but the Best Buy Cashier and Best Buy Store Manager refused, indicating to Plaintiff that they were unable to do so.  Further, the Best Buy Cashier and Store Manager could not explain what information was taken from Plaintiff's Florida Drivers' License.

13.     Unable to take back or ensure the deletion of his personal information, Plaintiff sought the counsel of the undersigned law firms and agreed to pay the same a reasonable fee for legal services provided.

14.     Best Buy's receipt indicates that Best Buy "tracks exchanges and returns … and some of the information from your ID may be stored in a secure, encrypted database of customer activity that Best Buy and its affiliates use to track exchanges and returns."

15.     The receipt, provided subsequent to a customer making a purchase (and without any prior notice to the customer of such a policy), does not: (1) indicate what personal information or highly restricted personal information is taken, (2) explain where such personal information or highly restricted personal information is stored, (3) describe for how long personal information or highly restricted personal information is stored, (4) identify who Best Buy's "affiliates" are; (5) explain how personal information or highly restricted personal information is disclosed to Best Buy's "affiliates"; (6) describe how often personal information or highly restricted personal information is disclosed to Best Buy's "affiliates"; or, (7) explain how personal information or highly restricted information is used.

16.     The DPPA specifically prohibits Best Buy's conduct.

17.     The State of Florida Department of Highway Safety and Motor Vehicles, on its website, defines the use "in the normal course of business" of personal information or highly restricted personal information as a "legitimate business verifying information *for employment purposes.*" *See* http://www.flhsmv.gov/ddl/dppainfo.html (emphasis added).

18.     Any conditions precedent to bringing this action have been met, will have been met, do not apply or were waived.

## CLASS ACTION ALLEGATIONS

19.     Plaintiff brings this suit as a class action pursuant to Rules 23(a), (b)(3) and/or 23(c)(4) of the Federal Rules of Civil Procedure, on behalf of himself and the following Class:

## CLASS DEFINITION

20.     The Class is defined as all persons within United States who have had their personal information or highly restricted personal information taken, stored or shared by Best Buy, without consent, from November 21, 2007 to the present.

21.     Mr. Siegler is a member and the putative Class Representative of the Class.

## NUMEROSITY

22.     Upon information and belief, Best Buy has taken, stored and shared personal information and highly restricted personal information from thousands of Best Buy customers. Therefore, the Class is sufficiently numerous so that the joinder of all members of the Class in a single action is impracticable.  The precise number and identities of Class members are unknown to Plaintiffs, but can be ascertained through reasonable discovery and appropriate notice.

## COMMONALITY

23.     There are numerous common questions of law and fact that predominate over any questions affecting only individual members of the Class.  Among these common questions of law and fact are the following:

        a.      Whether Best Buy has knowingly taken personal information from Class Members' motor vehicle records;

        b.      Whether Best Buy has knowingly taken highly restricted personal information from Class Members' motor vehicle records;

      c.       Whether Best Buy has knowingly used personal information from Class Members' motor vehicle records;

      d.       Whether Best Buy has knowingly used highly restricted personal information from Class Members' motor vehicle records;

      e.       Whether Best Buy has knowingly disclosed personal information from Class Members' motor vehicle records;

      f.       Whether Best Buy has knowingly disclosed highly restricted personal information from Class Members' motor vehicle records;

      g.       Whether Best Buy's taking of Class Member's personal information or highly restricted personal information is a use in the normal course of business;

      h.       Whether Best Buy's storage of Class Member's personal information or highly restricted personal information is a use in the normal course of business;

      i.       Whether Best Buy's disclosure of Class Member's personal information or highly restricted personal information is a use in the normal course of business;

      j.       Whether Best Buy should be enjoined from its practices of taking, using and/or disclosing Class Members' personal information or highly restricted personal information; and,

      k.       Whether Best Buy should pay damages for its taking, use and/or disclosure of Class Members' personal information or highly restricted personal information.

**TYPICALITY**

24.     Plaintiff's legal claims are typical of the legal claims of other members of the Class.  Plaintiff has the same legal interests as other members of the Class and has no interests antagonistic to members of the Class he seeks to represent.

25.     Best Buy has taken, used, stored and/or disclosed personal information and/or highly restricted personal information from Plaintiff and each member of the Class.  Plaintiff and other Class Members have economic damages, as set forth herein.

26.     Plaintiff and Class Members have sustained the same type of economic damage; therefore, the legal remedies available to Plaintiff and the Class Members are based upon the same uniform wrongful conduct by Defendant.   Plaintiff's claims satisfy the typicality requirement of Rule 23(a).

**ADEQUACY OF REPRESENTATION**

27.     Plaintiff is an adequate representative of the Class, and together with legal counsel, will fairly and adequately protect the interests of the Class.  Plaintiff has no conflict with the Class he seeks to represent, is committed to the vigorous prosecution of this action and has retained competent counsel experienced in litigation of this nature to represent them. Plaintiff anticipates no difficulty in the management of this litigation as a class action. Moreover, the Class Representative's interests are aligned with the Class Members and it is unlikely there will be a divergence of viewpoint.

28.     The undersigned counsel are competent counsel experienced in class action litigation, mass torts, and litigation involving consumer harm.  Plaintiff and counsel will fairly and adequately protect the interests of the class.

### RULE 23(b)(3) REQUIREMENTS

29.     This class action is appropriate for certification under Rule 23(b)(3) because questions of law and fact common to the Members of the Class predominate over questions affecting only individual Members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy, since individual joinder of all Members of the Class is impracticable.  In particular, whether Best Buy's conduct in taking, storing, using and/or disclosing personal information and/or highly restricted personal information is the single overarching central question of this litigation.  Adjudicating this key issue will benefit all members of the class and resolve a tremendously expensive common issue.

30.     Should individual Class Members be required to bring separate actions, this Court and courts throughout the nation would be confronted with a multiplicity of similar lawsuits. Such a multitude of suits would burden the court system while also creating the risk of inconsistent rulings and contradictory judgments.  In contrast to proceeding on a case-by-case basis in which inconsistent results will magnify the delay and expense to all parties and the court system, this class action presents far fewer management difficulties while providing unitary adjudication, economies of scale and comprehensive supervision by a single Court.

31.     The members of the Class are ascertainable and identifiable through reasonable diligence and appropriate notice.

32.     The common questions set forth above predominate over Class Members' individual issues.

33.     A class action is superior to other methods of dispute resolution in this case.  The Class members have an interest in class adjudication rather than individual adjudication because

of the overlapping claims and rights. It is highly desirable to concentrate the resolution of these claims in this single forum because it would be difficult and highly unlikely that the affected Class members would protect their rights on their own without this class action case. Management of the class will be efficient and far superior to the management of thousands of individual lawsuits.

## COUNT I
## BEST BUY'S *PER SE* VIOLATION OF THE DPPA

34.     18 U.S.C. §2122 makes it "unlawful for any person knowingly to obtain or disclose personal information, from a motor vehicle record, for any use not permitted under section 2721(b)...."

35.     18 U.S.C. §1224 provides that an individual can bring a civil action against a "person who knowingly obtains, discloses or uses personal information, from a motor vehicle record, for a purpose not permitted under this chapter … for liquidated damages in the amount of $2,500 … punitive damages … reasonable attorneys' fees and other litigation costs … and … preliminary and equitable relief...."

36.     Best Buy knowingly obtained Plaintiff's personal information or highly restricted personal information from a motor vehicle record, to wit: Plaintiff's Florida Drivers' License, without consent.

37.     Best Buy's knowing acquisition of Plaintiff's personal information or highly restricted personal information is not a "use in the normal course of business" as described by the DPPA.

38.     Best Buy knowingly used Plaintiff's personal information or highly restricted personal information without consent, as described herein.

39.     Best Buy's knowing use of Plaintiff's personal information or highly restricted personal information is not a "use in the normal course of business" as described by the DPPA.

40.     Best Buy stores or stored Plaintiff's personal information or highly restricted personal information without consent.

41.     Best Buy's knowing retention or storage of Plaintiff's personal information or highly restricted personal information is not a "use in the normal course of business" as described by the DPPA.

42.     Best Buy, on information and belief, disclosed Plaintiff's personal information or highly restricted personal information, without consent, at minimum to Best Buy's "affiliates."

43.     Best Buy's knowing disclosure of Plaintiff's personal information or highly restricted personal information is not a "use in the normal course of business" as described by the DPPA.

44.     Best Buy's conduct in knowingly taking, using, storing, retaining and/or disclosing Plaintiff and Class Members' personal information or highly restricted personal information clearly violates the DPPA.

## **PRAYER FOR RELIEF**

WHEREFORE Plaintiff, on behalf of all others similarly situated and the Class, demands:

a.      an order certifying the case as a class action;

b.      an order appointing Plaintiff as the Class Representative of the Class;

c.      an order appointing undersigned counsel and their firms as counsel for the Class;

d.      the award of compensatory damages, including liquidated damages in the amount of $2,500.00;

e.      the award of punitive damages;

f.      the award of reasonable attorney's fees and litigation costs;

g.      all statutory damages;

h.      an award of attorneys' fees to class counsel based upon a common fund theory as allowed by Federal law, for the benefits conferred upon the Class and/or as allowed by contract or statute;

i.      the costs and disbursements incurred by Plaintiff and the Plaintiff Class Members in connection with this action, including reasonable attorneys' fees based on the benefits conferred upon the Class, a common fund, statutory, and/or contractual basis;

j.      an award of taxable costs;

k.      equitable, injunctive, and declaratory relief;

l.      pursuant to Rule 23(b)(2) and/or Rule 23(d), Plaintiff seeks notice to the Plaintiff Class Members;

m.      such other and further relief under all applicable state and federa1 law and any other relief the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff individually, and on behalf of the Plaintiff Class Members, hereby demands a

trial by jury as to all issues so triable as a matter of right.

DATED:  November 22, 2011.


Respectfully Submitted,


s/  GREGORY S. WEISS
THEODORE J. LEOPOLD
Fla. Bar No.  705608
tleopold@leopoldkuvin.com
GREGORY S. WEISS
Fla. Bar No. 163430
gweiss@leopoldkuvin.com
LEOPOLD~ KUVIN
2925 PGA Boulevard, Suite 200
Palm Beach Gardens, FL 33410
Phone: (561) 515-1400
Fax:    (561) 515-1401


s/ STEPHEN M. COHEN
STEPHEN M. COHEN
Florida Bar No.  335614
stephen@smcohenlaw.com
LAW OFFICES OF STEPHEN M. COHEN, P.A.
4500 PGA Boulevard, Suite 104
Palm Beach Gardens, FL 33418
Phone: (561) 624-2201
Fax:    (561) 624-2289


*Attorneys for Plaintiff*