UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Civil Action No. 11-CV-81292-Ryskamp/Vitunac

STEVEN SIEGLER, individually, and on
behalf of all others similarly situated,

   Plaintiff,

vs.

BEST BUY CO. OF MINNESOTA, INC.,
a Minnesota Corporation, d/b/a BEST BUY
CO., INC.,

   Defendant.

_____

**NOTICE OF SUPPLEMENTAL AUTHORITY**

  On February 28, 2012, the parties completed their briefing on Defendant Best Buy's motion to dismiss. Best Buy asserted that Drivers Privacy Protection Act should not be construed to prohibit Best Buy from obtaining Plaintiff's driver's license from the Plaintiff himself. Best Buy argued, in part, that Plaintiff's contrary interpretation was not reasonable because it would mean that Plaintiff himself, as well as Best Buy, would be liable under the statute. (Dkt. No. 11 at 10, citing 18 U.S.C. § 2722(a).)

  Yesterday, the United States Supreme Court issued a decision that relates to Best Buy's argument. In *Freeman v. Quicken Loans, Inc.*, No. 10-1042 (U.S. May 24, 2012), the Court addressed a question arising under the Real Estate Settlement Procedures Act. In that case, Quicken had charged a fee for services that it did not provide. Quicken argued that its conduct did not violate RESPA because Quicken had not "split" the fee with any

83103498.1

other person.  Plaintiffs responded that the fee had been split: between themselves and Quicken.  The Court rejected plaintiffs' argument, holding that there is no cause of action unless the fee is split between the lender and a person other than the borrower.  It reasoned, in part, that accepting plaintiffs' interpretation would mean that borrowers would also be violating the statute and "it would not make sense to render a consumer liable to himself.  It is the logical consequence that a consumer would be liable to himself ... which provides strong indication that something in petitioners' interpretation is amiss." *Id.*, slip op. at 7 (emphasis deleted).

Date:  May 25, 2012					Respectfully submitted,

						/s/Lawrence A. Farese
						Lawrence A. Farese
						Florida Bar No. 252808
						E-Mail:  LAFarese@rkmc.com
						ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
						711 Fifth Avenue South, Suite 201
						Naples, Florida 34102
						(239) 430-7070 Telephone
						(239) 213-1970 Facsimile

						Joel A. Mintzer  (*admitted pro hac vice*)
						Minn. Bar No. 224169
						E-Mail:  JAMintzer@rkmc.com
						ROBINS, KAPLAN, MILLER & CIRESI L.L.P
						2800 LaSalle Plaza
						800 LaSalle Avenue
						Minneapolis, Minnesota 55402
						(612) 349-8500 Telephone
						(612) 339-4181 Facsimile

						Attorneys for Defendant BEST BUY STORES, L.P, incorrectly named as BEST BUY CO. OF MINNESOTA, INC. d/b/a BEST BUY CO., INC.

## CERTIFICATE OF SERVICE

I hereby certify that on May 25, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/Lawrence A. Farese

## SERVICE LIST

**Steven Siegler, individually and on behalf of all other similarly situated,
vs. Best Buy Co. of Minnesota, Inc.**

**Case No. 9:11-CV-81292-RYSKAMP/VITUNAC
United States District Court, Southern District of Florida
West Palm Beach Division**

| | |
|---|---|
| Gregory S. Weiss, Esq. | Stephen M. Cohen, Esq. |
| gweiss@leopoldkuvin.com | stephen@smcohenlaw.com |
| Theodore J. Leopold, Esq. | Law Offices of Stephen M. Cohen, P.A. |
| tleopold@leopoldkuvin.com | 4500 PGA Boulevard, Suite 104 |
| Leopold~Kuvin | Palm Beach Gardens, FL 33418 |
| 2925 PGA Boulevard, Suite 200 | Phone:  (561) 624-2201 |
| Palm Beach Gardens, FL 33410 | Fax:     (561) 624-2289 |
| Phone:  (561) 515-1400 | Attorneys for Plaintiff |
| Fax:     (561) 515-1401 | |
| Attorneys for Plaintiff | |