

Filed by ABM D.C. ELECTRONIC

JULY 23 2012

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO: 9:11-cv-81292-RYSKAMP/HOPKINS

STEVEN SIEGLER, individually, and on behalf of all others similarly situated,

        Plaintiff,

vs.

BEST BUY CO. OF MINNESOTA, INC., a Minnesota Corporation, d/b/a BEST BUY CO., INC.,

        Defendant.
_____/

## PLAINTIFF'S NOTICE OF APPEAL OF FINAL ORDER

NOTICE IS GIVEN that Plaintiff STEVEN SIEGLER, on behalf of himself and all others similarly situated, hereby appeals to the United States Court of Appeals for the Eleventh Circuit from the Order Granting Defendant's Motion to Dismiss Complaint (D.E. 21) and Order of Final Judgment (D.E. 22) entered in this action on June 12, 2012.

Dated: July 10, 2012

        s/GREGORY S. WEISS
        GREGORY S. WEISS (Florida Bar No.: 163430)
        Email: gweiss@leopold-law.com
        LEOPOLD LAW, P.A.
        2925 PGA Boulevard, Suite 200
        Palm Beach Gardens, FL 33410
        Telephone: (561) 515-1400
        Facsimile: (561) 515-1401

        *Attorney for Plaintiff*

*Leopold Law, P.A.*
*2925 PGA Boulevard, Suite 200, Palm Beach Gardens, FL 33410*
*Telephone: (561) 515-1400   Facsimile (561) 515-1401*

1 of 15

Siegle v. Best Buy Co. of Minnesota, Inc.
Case No.: 9:11-cv-81292
Page 2

## CERTIFICATE OF SERVICE

       I hereby certify that on July 10, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically.

                           LEOPOLD LAW, P.A.
                           2925 PGA Boulevard, Suite 200
                           Palm Beach Gardens, FL  33410
                           (561) 515-1400
                           (561) 515-1401 (facsimile)

                           s/GREGORY S. WEISS
                           GREGORY S. WEISS (Florida Bar No.: 163430)
                           Email:  gweiss@leopold-law.com

*Leopold Law, P.A.*
*2925 PGA Boulevard, Suite 200, Palm Beach Gardens, FL 33410*
*Telephone: (561) 515-1400   Facsimile (561) 515-1401*

2 of 15

Siegler v. Best Buy Co. of Minnesota, Inc.
Case No.: 9:11-cv-81292
Page 3

## SERVICE LIST

**Lawrence A. Farese, Esq.**
LAFarese@rkmc.com
ROBINS, KAPLAN, MILLER & CIRESI, LLP
711 Fifth Avenue South, Suite 201
Naples, Florida  34102
Tel.: 239-430-7070
Fax: 239-213-1970

**Joel A. Mintzer, Esq. (*admitted pro hac vice*)**
JAMintzer@rkmc.com
ROBINS, KAPLAN, MILLER & CIRESI, LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, Minnesota 55402
Tel.: 612-349-8500
Fax: 612-339-4181

Attorneys for Defendant

*Leopold Law, P.A.*
*2925 PGA Boulevard, Suite 200, Palm Beach Gardens, FL 33410*
*Telephone: (561) 515-1400   Facsimile (561) 515-1401*

3 of 15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No.:11-CV-81292-RYSKAMP/HOPKINS

STEVEN SIEGLER, individually, and
on behalf of all others similarly situated,

    Plaintiff,

v.

BEST BUY CO. OF MINNESOTA, INC.,
a Minisota Corporation, d/b/a BEST BUY
CO., INC.,

    Defendant.
_____/

**ORDER GRANTING DEFENDANT'S MOTION TO**
**DISMISS COMPLAINT**

**THIS CAUSE** comes before the Court upon Defendant Best Buy Co., Inc.'s ("Best Buy") motion to dismiss complaint **[DE 11]** filed on January 20, 2012. Plaintiff Steven Siegler filed a response in opposition **[DE 16]** on February 21, 2012. Defendant replied **[DE 17]** on February 28, 2012. This matter is ripe for adjudication.

**I.**     **Background**

Plaintiff purchased a computer mouse from a Best Buy store on October 19, 2011. Prior to the purchase, Plaintiff alleges he was unaware of Best Buy's return policy, however, he admits that the policy was disclosed on the transaction receipt that Best Buy provided at the time of purchase. The pertinent portion of the policy reads:

> Best Buy tracks exchanges and returns on an individual level. When you exchange or return an item, we require a valid form of ID (see below). Some of the information from your ID may be stored in a secure, encrypted database of customer activity that Best Buy and its affiliates use to track exchanges and returns.

1

> Valid forms of ID accepted are: U.S., Canadian, or Mexican Driver's License, U.S. State ID, Canadian Province ID, U.S. Military ID or Passport.[1]

The following day, Plaintiff revisited Best Buy to return the mouse. In addition to the product, receipt, and credit card, Best Buy requested Plaintiff's driver's license pursuant to the return policy quoted *supra*. Plaintiff voluntarily presented his license to the Best Buy cashier, thereby disclosing his name, address, birthdate, photograph, and driver's license number. Best Buy then allegedly "swiped" the license "without notice or warning," **[DE 1 ¶ 11]**, in order to store the information located on the license's magnetic strip. Plaintiff demanded that the transaction be reversed and his information deleted, but Best Buy refused, informing Plaintiff it was unable to do so.

Plaintiff now asserts a claim under the Drivers' Privacy Protection Act of 1994 ("DPPA"), 18 U.S.C. §§ 2721-25, specifically § 2724(a), *see* **[DE 16]** at 4, arising from the above allegations, on behalf of himself and a national class of similarly situated persons.

**II.     Legal Standard on Motion to Dismiss**

In order to state a claim for relief, Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." When considering a motion to dismiss, the court must accept all of the plaintiff's allegations as true. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). However, the court need not accept legal conclusions as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Further, "a court's duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the equivalent of a duty to re-write it for [him]." *Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993).

---

[1] Compl. Ex. A.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Twombly*, 550 U.S. at 555 (alteration in original) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.*

## III. Discussion

Plaintiff fails to state a claim for which relief can be granted because, even presuming Plaintiff's allegations are true, Defendant would not be liable under the DPPA.

The DPPA begins by generally prohibiting a state Department of Motor Vehicles ("DMV") – not private parties – from disclosing "personal information." § 2721(a). Specifically, the statute provides that "[a] state department of motor vehicles, and any officer, employee, or contractor, thereof, shall not knowingly disclose or otherwise make available to any person or entity personal information about any individual obtained by the department in connection with a motor vehicle record." *Id.* Here, Plaintiff asserts that Defendant violated § 2724(a), which provides that "[a] person who knowingly obtains, discloses or uses personal information, from a motor vehicle record, for a purpose not permitted under this chapter shall be liable to the individual to whom the information pertains." For this claim to succeed, Plaintiff's driver's license must be a "motor vehicle record." Section 2725(1) defines "motor vehicle

3

record" as "any record that pertains to a motor vehicle operator's permit, motor vehicle title, motor vehicle registration, or identification card issued by a department of motor vehicles."

A canon of statutory interpretation is that "[a] statute should be construed so that . . . no part will be inoperative or superfluous, void or insignificant." *Corley v. United States*, 556 U.S. 303, 314 (2009) (quoting *Hibbs v. Winn*, 542 U.S. 88, 101 (2004)) (internal quotation marks omitted). Plaintiff's argument that a driver's license is a motor vehicle record creates a circularity that renders the statutory definition superfluous. Classifying a driver's license as a motor vehicle record necessarily means that operator's permits, vehicle titles, vehicle registrations, and other forms of identification issued by a DMV are also motor vehicle records. Accordingly, a definition that specifies which documents constitute a "motor vehicle record" would serve no purpose. Furthermore, because the record must "pertain to" the driver's license, the "record" must be different than the license. Therefore, this Court finds that a driver's license is a not a motor vehicle record as defined under § 2725(1).

Moreover, even if Plaintiff's driver's license is considered a "motor vehicle record," the fact that Defendant obtained its information from the Plaintiff, rather than Florida's Department of Highway Safety and Motor Vehicles, places the Defendant's conduct outside the scope the DPPA's protections.

The plain language of the DPPA suggests that it seeks to protect against disclosure of information obtained directly from state DMVs. The title of the statute, "Prohibition on release and use of certain personal information from State motor vehicle records," indicates that the statute prohibits the disclosure of information retained by a state entity. Furthermore, the language of § 2721(a), which protects against disclosures by the "[s]tate department of motor vehicles, and any officer, employee, or contractor thereof," indicates that the purpose of the

4

statute is to safeguard information retained by the DMV. Court decisions support this reading of the DPPA. The Supreme Court stated:

> [The DPPA] establishes a regulatory scheme that restricts the *States*' ability to disclose a driver's personal information without the driver's consent. The DPPA generally prohibits any *state DMV, or officer, employee, or contractor* thereof, from "knowingly disclos[ing] or otherwise mak[ing] available to any person or entity personal information about any individual obtained by the department in connection with a motor vehicle record."

*Reno v. Condon*, 528 U.S. 141, 144 (2000) (emphasis added) (quoting 18 U.S.C. § 2721(a)). The Court went on to note that the "DPPA's provisions do not apply solely to States," but also to "private persons who have obtained that information *from a state DMV*." *Id.* at 146 (emphasis added) (citing § 2721(c)); *see also Ocasio v. Riverbay Corp.*, No. 06 Civ. 6455, 2007 U.S. Dist. LEXIS 44751, at *5 (S.D.N.Y. June 19, 2007) (adopting Magistrate Judge's recommendation to dismiss DPPA claim, found at 2006 U.S. Dist. LEXIS 93104, at *10-13 (S.D.N.Y. Dec. 20, 2006) ("Where . . . a defendant does not obtain a plaintiff's 'personal information' from a state motor vehicle agency, but instead, obtains that information directly from the plaintiff, any subsequent disclosure of that 'personal information' is not a DPPA violation.")); *Figueroa v. Taylor*, No. 06 Civ. 3676, 2006 U.S. Dist. LEXIS 76957, at *2 (S.D.N.Y. Oct. 23, 2006) (adopting Magistrate Judge's recommendation to dismiss DPPA claim, found at 2006 U.S. Dist. LEXIS 85174, at *8-10 (S.D.N.Y. Sept. 15, 2006) ("DPPA was enacted to regulate the disclosure and use of personal information obtained from a state DMV . . . .")); *Mattivi v. Russell*, No. 01-WM-533, 2002 U.S. Dist. LEXIS 24409, at *13 (D. Colo. Aug. 2, 2002) (stating that an official accident report containing a driver's license number is not a "motor vehicle record" under the DPPA because it was not issued by a DMV); *O'Brien v. Quad Six, Inc.*, 219 F. Supp. 2d 933, 934 (N.D. Ill. 2002) (holding that a nightclub's videotaping of a driver's license does not violate the DPPA).

Additionally, accepting Plaintiff's assertion that a driver's license is a motor vehicle record **[DE 1 ¶ 36]** would be inconsistent with the canon of statutory interpretation that dictates that statutes should be construed to avoid absurd results. *Durr v. Shinseki*, 638 F.3d 1342, 1350 (11th Cir. 2011). It is anticipated that businesses will request a driver's license and occasionally retain information from that license. *See, e.g.*, Fla. Stat. § 117.05(5)(b)(2)(a) (notary public may rely on driver's license in authenticating signature); § 537.014 (borrower may present identification in order to reclaim loan property); § 538.32(2)(b) (mail-in secondhand precious metals dealers must collect and retain seller's driver's license number); § 539.001(8)(b)(5), (9)(1) (pawn brokers to maintain form that lists the type of identification provided by the customer as well as its issuing agency and identification number); § 560.310(1)(b)(1) (check cashers must maintain copy of customer's photographic identification, which may be a driver's license); § 570.55(4) (sellers of tropical fruits must document their driver's license number or provide other acceptable means of identification, and buyer must maintain that document for at least one year). Plaintiff's interpretation of the DPPA would impose a liability of $2,500 per customer on these (and other) businesses because none of these businesses use the information as specifically permitted by the DPPA. This is an assuredly absurd result given the conflict it creates with state statutes requiring the display of driver's licenses and retention of the information they contain, as well as the high financial costs implicated by such an interpretation.

The DPPA's legislative history also indicates that the statute is limited to prohibiting the disclosure (or redisclosure) of information by the DMV. The House sponsor of the bill, Representative James Moran, explained that the DPPA's primary purpose is to regulate DMVs:

> This bill will prohibit motor vehicle departments (DMV) [sic] from disclosing personal information (name, address, telephone number, social security number, driver's identification number, medical and disability information, photograph) about a licensee unless there is a specific, approved reason for doing so.

6

Statement of Congressman James P. Moran before the Subcomm. on Civil and Constitutional Rights of the H. Comm. on the Judiciary on H.R. 3365, The Driver's Privacy Protection Act of 1993, 103rd Cong. (1994). Senator Boxer described the problem addressed by the DPPA as arising when "someone can find your name or see your car, go to the DMV and obtain the very personal information that you may have taken painful steps to restrict." 139 Cong. Rec. 29,466 (1993). Senator Robb stated that the DPPA "would place safeguards on the privacy of the driver and vehicle owners by prohibiting release of personal information to anyone without a specific business-related or government related reason for obtaining the information." 139 Cong. Rec. 29,469 (1993). And Senator Biden explained that the DPPA balances privacy against state sunshine laws, by which private persons can obtain public information:

> [P]otential criminals are able to obtain private, personal information about their victims simply by making a request. These open-record policies in many States are open invitations to would-be stalkers. [¶] In my view, this amendment makes common sense. Americans do not believe they should relinquish their legitimate expectations of privacy simply by obtaining drivers' licenses or registering their cars. Yet the laws of some States do just that by routinely providing this identifying information to all who request it.

139 Cong. Rec. 29,470 (1993).

The text of the DPPA, the decisions interpreting the statute, and the statute's legislative history makes clear that liability under the DPPA occurs upon receipt and disclosure of information from a state DMV only. Thus, Plaintiff has no DPPA claim.

**IV.   Conclusion**

The Court has carefully considered the motions, responses, replies, applicable law, and pertinent portions of the record. For the foregoing reasons, it is hereby

7

**ORDERED AND ADJUDGED** that Best Buy's motion to dismiss **[DE 11]** is **GRANTED** and this case is **DISMISSED WITH PREJUDICE**. Final judgment shall be entered by separate order.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida this 12th day of June, 2012.

S/Kenneth L. Ryskamp<br>
KENNETH L. RYSKAMP<br>
UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 11-81292-CIV-RYSKAMP/HOPKINS

STEVEN SIEGLER, individually, and
on behalf of all others similarly situated,

    Plaintiff,

v.

BEST BUY CO. OF MINNESOTA, INC.,
a Minnesota Corporation, d/b/a BEST BUY
CO., INC.,

    Defendant.

_____/

## FINAL JUDGMENT

THE COURT, having granted Defendant's motion to dismiss with prejudice, hereby

ORDERS AND ADJUDGES that FINAL JUDGMENT IS HEREBY ENTERED in favor of Defendant Best Buy Co. of Minnesota, Inc. and against Plaintiff Steven Siegler. The Clerk of Court shall CLOSE this case and DENY any pending motions as MOOT.

DONE AND ORDERED at Chambers in West Palm Beach, Florida, this 12th day of June, 2012.

                                                          S/Kenneth L. Ryskamp
                                                          KENNETH L. RYSKAMP
                                                          UNITED STATES DISTRICT COURT

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

John Ley
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

July 20, 2012

Stephen Martin Cohen
Law Offices of Stephen M. Cohen, P.A.
4500 PGA BLVD STE 104
PALM BEACH GARDENS, FL 33418

Theodore Jon Leopold
Leopold Law, PA
2925 PGA BLVD STE 200
PALM BCH GDNS, FL 33410-2909

Gregory S. Weiss
Leopold & Kuvin, PA
2925 PGA BLVD
PALM BEACH GARDENS, FL 33410

Appeal Number: 12-13719-DD
Case Style: Steven Siegler v. BBY
District Court Docket No: 9:11-cv-81292-KLR

**CIVIL APPEALS ARE GOVERNED BY <u>STRINGENT</u> PROCEDURES FOR REQUESTING EXTENSIONS OF TIME TO FILE BRIEFS AND RECORD EXCERPTS. RULES PROVIDE FOR <u>DISMISSAL WITHOUT FURTHER NOTICE</u> WHEN A BRIEF OR RECORD EXCERPTS IS NOT FILED OR CORRECTED WITHIN THE TIME PERMITTED. PLEASE SEE THE CIRCUIT RULES AT WWW.CA11.USCOURTS.GOV**

The referenced case has been docketed in this court 07/16/12. Please use the appellate docket number noted above when making inquiries. Motions for extensions of time to file a brief are frowned upon by the court.

Pursuant to 11th Cir. R. 12-1, the record in this appeal was deemed completed and filed on the date the appeal was docketed in this court.

Eleventh Circuit Rule 31-1 requires that APPELLANT'S BRIEF AND RECORD EXCERPTS

BE SERVED AND FILED ON OR BEFORE August 27, 2012.

This is the only notice you will receive concerning the due date for filing briefs and record excerpts. (In cross-appeals pursuant to Fed.R.App.P. 28(h), the party who first files a notice of appeal is the appellant unless the parties otherwise agree.) See Fed.R.App.P. 28, 30, 31 and 32, and the corresponding circuit rules, for further information on preparing briefs and record excerpts.

Attorneys registered to use ECF must file briefs electronically using the ECF system. Use of ECF does not modify the requirements of the circuit rules that counsel must also provide seven (7) paper copies of a brief to the court, nor does it modify the requirements of the circuit rules for the filing of record excerpts or expanded record excerpts in a particular case.

Attorneys not registered to use ECF must, in addition to providing seven (7) paper copies of a brief, upload the brief electronically using the EDF system. (Pro se parties may not use the EDF system, but must provide the required number of paper copies.) The EDF system is described in 11th Cir. R. 31-5, and instructions are available on the court's Web site. An EDF ID number is needed to upload your brief. If you do not remember your EDF ID number, you may look it up on the court's Web site. When uploading a brief for the first time, you will be prompted to register and create a password known only by you for all future uploads.

Attorneys and pro se parties in districts not participating in the Electronic Records on Appeal Program must file record excerpts in conformance with 11th Cir. R. 30-1 and 30-2. Attorneys and pro se parties in districts that are participating in the Electronic Records on Appeal Program, and whose cases are included in the program, must file expanded record excerpts in conformance with the Electronic Records on Appeal Program Components and Instructions for Preparing Expanded Record Excerpts, available on the court's Web site. Pro se parties who are incarcerated are not required to file record excerpts.

We have not yet received the Certificate of Interested Persons and Corporate Disclosure Statement (CIP) required by FRAP 26.1 and the accompanying circuit rules. The rules provide that the certificate must be filed by every appellant [and cross-appellant] with this court within 14 days after the date the appeal is docketed in this court, or along with the filing in this court by any party of any motion, petition, or pleading, whichever occurs first. The rules further provide that on the same day a paper certificate is served, the party filing it must also complete the court's web-based certificate at the "Electronic Filing" link of the court's website, www.ca11.uscourts.gov , by electronically providing the information required for that form. Only the ticker symbols for publicly traded corporations that are listed on the paper CIP must be entered in the web-based system. If your CIP does not include any publicly traded corporations, you are required to go to the website and simply click the button indicating that you have no publicly traded corporations to report. Pro se parties are **not required or authorized** to complete the web-based certificate.

You are hereby notified that the clerk is not authorized to submit to the court any brief (except for the reply brief of an appellant or cross-appellant), petition, answer, motion or response that

does not contain the certificate, but may receive and retain the papers pending supplementation of the papers with the required certificate. You are also hereby notified that failure to submit the required certificate will result in your document(s) being returned unfiled which may ultimately result in dismissal of your appeal.

Attorneys who wish to participate in this appeal must be properly admitted either to the bar of this court or for this particular proceeding pursuant to 11th Cir. R. 46-1. An attorney not yet properly admitted must file an appropriate application for admission within fourteen (14) days from this date. In addition, all attorneys (except court-appointed counsel) who wish to participate in this appeal must complete and return an appearance form within fourteen (14) days. Application for Admission to the Bar and Appearance of Counsel Form are available on the Internet at www.ca11.uscourts.gov . The clerk may not accept motions or other filings from an attorney until that attorney files an appearance form. See 11th Cir. R. 46-5.

11th Cir. R. 33-1(a) requires appellant to file a Civil Appeal Statement in most civil appeals. You must file an original and one copy of a completed Civil Appeal Statement, with service on all other parties, within 14 days from the date of this letter. Civil Appeal Statement forms are available on the Internet at www.ca11.uscourts.gov , and as provided by 11th Cir. R. 33-1(a).

MEDIATION. If a Civil Appeal Statement is required to be filed, your appeal and all related matters will be considered for mediation by the Kinnard Mediation Center. The mediation services are free and the mediation process is confidential. You may confidentially request mediation by calling the Kinnard Mediation Center at 404-335-6260 (Atlanta) or 813-301-5530 (Tampa) or 305-714-1900 (Miami). See 11th Cir. R. 33-1.


Sincerely,

JOHN LEY, Clerk of Court

Reply to: Tonya Richardson, DD (dhh)
Phone #: (404) 335-6176

DKT-7CIV Civil Early Briefing