FILED by ___ D.C.
ELECTRONIC

JUL 3, 2013

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

John Ley
Clerk of Court

July 03, 2013

For rules and forms visit
www.ca11.uscourts.gov

Steven M. Larimore
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

Appeal Number: 12-13719-DD
Case Style: Steven Siegler v. Best Buy Co.
District Court Docket No: 9:11-cv-81292-KLR

The enclosed judgment is hereby issued as the mandate of this court.

The record on appeal will be returned to you at a later date.

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being mailed to counsel and pro se parties. A copy of the court's decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

JOHN LEY, Clerk of Court

Reply to: Tonya L. Richardson
Phone #: (404) 335-6176

Enclosure(s)

MDT-1 Letter Issuing Mandate

# UNITED STATES COURT OF APPEALS
## For the Eleventh Circuit

_____

No. 12-13719

_____

District Court Docket No.
9:11-cv-81292-KLR

STEVEN SIEGLER,
individually and on behalf of all others similarly situated,

              Plaintiff - Appellant,

versus

BEST BUY CO. OF MINNESOTA, INC.,
a Minnesota corporation,
d.b.a. Best Buy Co. Inc.,

              Defendant - Appellee.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

## JUDGMENT

It is hereby ordered, adjudged, and decreed that the opinion issued on this date in this appeal is entered as the judgment of this Court.

Entered: May 28, 2013
For the Court: John Ley, Clerk of Court
By: Djuanna Clark

Issued as Mandate:
July 3, 2013

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-13719

_____

D.C. Docket No. 9:11-cv-81292-KLR

STEVEN SIEGLER,
individually and on behalf of all others similarly situated,

Plaintiff - Appellant,

versus

BEST BUY CO. OF MINNESOTA, INC.,
a Minnesota corporation,
d.b.a. Best Buy Co. Inc.,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 28, 2013)

Before BARKETT and MARCUS, Circuit Judges, and CONWAY,[*] District Judge.

PER CURIAM:

---

[*] Honorable Anne C. Conway, Chief Judge, United States District Court for the Middle District of Florida, sitting by designation.

Steven Siegler appeals the district court's dismissal of his complaint against Best Buy, Inc., ("Best Buy") pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim under the Drivers' Privacy Protection Act of 1994 ("DPPA" or "the Act"), 18 U.S.C. §§ 2721-25.

Siegler purchased a computer mouse from Best Buy.[1]  The following day, Siegler returned the item and a store cashier requested Siegler's driver's license in order to complete the return.  Siegler voluntarily presented his license to the cashier, who then scanned the magnetic strip on his license "without warning."  Siegler demanded that the information from the magnetic strip be deleted, but Best Buy said they were unable to do so.[2]

Siegler sued[3] asserting a claim against Best Buy under 18 U.S.C. § 2724(a) (the DPPA) which provides, "A person who knowingly obtains, discloses or uses personal information, from a motor vehicle record, for a purpose not permitted

---

[1] Best Buy notes that the following information appeared on the receipt Siegler received in connection with the purchase:
> Best Buy tracks exchanges and returns on an individual level. When you exchange or return an item, we require a valid form of ID . . . .  Some of the information from your ID may be stored in a secure, encrypted database of customer activity that Best Buy and its affiliates use to track exchanges and returns.  Valid forms of ID accepted are: U.S., Canadian, or Mexican Driver's License, U.S. State ID, Canadian Province ID, U.S. Military ID or Passport.

[2] The Florida Department of Highway Safety and Motor Vehicles website reports that the magnetic strip contains the same information printed on the front of the license.  See http://www.flhsmv.gov/ddl/newlicense.pdf (last visited April 30, 2013) ("The cards are created using a new, updated digital imaging process. This process stores all the information from the front of the card in a 2-D barcode and magnetic stripe located on the back.").

[3] Siegler filed the complaint on behalf of himself and a national class of similarly situated persons.

under this chapter shall be liable to the individual to whom the information pertains, who may bring a civil action in a United States district court."[4] The district court ruled, among other things, that "the fact that [Best Buy] obtained its information from [Siegler], rather than Florida's Department of Highway Safety and Motor Vehicles, places [Best Buy's] conduct outside the scope [of] the DPPA's protections."  We find no error.

A plain reading of the DPPA[5] makes clear that the Act was intended to prohibit only the disclosure or redisclosure of information <u>originating</u> from state department of motor vehicles ("DMV") records.  The thrust of the Act is contained in § 2721, which prohibits a state DMV, and any officer, employee, or contractor thereof, from knowingly disclosing "personal information"[6] or "highly restricted personal information"[7] contained in motor vehicle records, except for a limited number of "permissible uses."  §§ 2721 (a) and (b).  In turn, § 2721 (c), entitled

---

[4] Section 2721, entitled "Prohibition on release and use of certain personal information from State motor vehicle records," prohibits a state department of motor vehicles, and any officer, employee, or contractor thereof, from knowingly disclosing "personal information" or "highly restricted personal information" contained in motor vehicle records, as those terms are defined by the statute. 18 U.S.C. §§ 2721(a), 2725.  Section 2721(b), in turn, enumerates "permissible uses" for which a state department of motor vehicles may disclose such information.

[5] The DPPA was enacted as a "Prohibition on release and use of certain personal information from State motor vehicle records," Pub. L. 103–322, Sept. 13, 1994, 108 Stat 1796.

[6] The DPPA defines "personal information" as "information that identifies an individual, including an individual's photograph, social security number, driver identification number, name, address (but not the 5-digit zip code), telephone number, and medical or disability information, but does not include information on vehicular accidents, driving violations, and driver's status." <u>Id</u>. § 2725(3).

[7] The DPPA defines "highly restricted personal information" as "an individual's photograph or image, social security number, medical or disability information." <u>Id</u>. § 2725(4).

3

"resale or redisclosure," restricts the redisclosure of information obtained from a state DMV to limited circumstances by recipients authorized to receive disclosures under § 2721(b).  On its face, the Act is concerned only with information disclosed, in the first instance, by state DMVs.

Furthermore, this reading of the Act is consistent with that of the Supreme Court in Reno v. Condon, 528 U.S. 141 (2000), upholding the Act's constitutionality.  The Court explained that the Act "establishes a regulatory scheme that restricts the States' ability to disclose a driver's personal information without the driver's consent."  Id. at 144 (emphasis added).   "The Act also regulates the resale and redisclosure of drivers' personal information by private persons who have obtained that information from a state DMV."  Id. at 146 (emphasis added).  Finally, the Court noted that the "DPPA regulates the universe of entities that participate as suppliers to the market for motor vehicle information—the States as initial suppliers of the information in interstate commerce and private resellers or redisclosers of that information in commerce."  Id. at 151 (emphasis added).

The civil liability established in § 2724 does not extend to Best Buy, and Siegler's complaint failed to state a claim for which relief could be granted.

**AFFIRMED**.

4

Case: 12-13719    Date Filed: 05/29/2013    Page: 1 of 1

## UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT
### Bill of Costs

Court of Appeals Docket No. __12-13719-DD__

Steven Siegler _____ vs. Best Buy Co. _____

A Bill of Costs should only be filed when the Clerk's Office has advised a party that the party is entitled to costs. FRAP 39 and 11th Cir. R. 39-1 govern costs taxable in this court and the time for filing the Bill of Costs. A motion for leave to file out of time is required for a Bill of Costs not timely received.

### INSTRUCTIONS

In the grid below, multiply the number of original pages of each document by the total number of documents reproduced to calculate the total number of copies reproduced. Multiply this number by the cost per copy ( $.15 per copy for "In-House", up to $.25 per copy for commercial reproduction, supported by receipts) showing the product as costs requested.

| DOCUMENT | Repro. Method (Mark One) In-House | Repro. Method (Mark One) Comm* | No. of Original Pages | Total No. Documents Reproduced | Total No. of Copies | COSTS REQUESTED | CT. USE ONLY COSTS ALLOWED |
|---|---|---|---|---|---|---|---|
| Appellant's Brief | | | | | | | |
| Record Excerpts | | | | | | ✓ | |
| Appellee's Brief | X | | 50 | 9 | 450 | 67.50 | 67.50 |
| Reply Brief | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| *Note: If reproduction was done commercially, receipt(s) must be attached. | | | | | TOTAL | $67.50 REQUESTED | $ 67.50 ALLOWED |

I hereby swear or affirm that the costs claimed were actually and necessarily incurred in this appeal and that I have served this Bill of Costs on counsel/parties of record.

Signature: _Joel A. Mintzer_ 
Attorney Name: Joel A. Mintzer (Type or print your name)
E-mail: JAMintzer@rkmc.com
Street Address/City/State/Zip: 2800 LaSalle Plaza, 800 LaSalle Avenuue, Minneapolis, MN 55402-2015

Date Signed: May 29, 2013
Attorney for: Best Buy Co. (Type or print name of client)
Phone: 612-349-8244

---

### FOR COURT USE ONLY

Costs are hereby taxed in the amount of $ __$67.50__ against __Appellant__
and are payable directly to __Appellee__

Issued on: __6/21/13__

John Ley, Clerk of Court
By: _Tina Patterson_ DATE: 6/18/2013
Deputy Clerk

BOC 3/13

## CERTIFICATE OF SERVICE

I hereby certify that on May 29, 2013 I electronically filed the foregoing Bill of Costs with the Clerk of the Court for the United States Court of Appeals for the Eleventh Circuit by using the CM/ECF system. I also certify that a copy was served by means of the CM/ECF system on the following individuals:

Gregory S. Weiss
Theodore J. Leopold
Diana L. Martin
Leopold Law, P.A.
2925 PGA Boulevard, Suite 200
Palm Beach Gardens, FL 33410

Stephen M. Cohen
Law Offices of Stephen M. Cohen, P.A.
4500 PGA Boulevard, Suite 104
Palm Beach Gardens, FL 33418

/s/ Joel A. Mintzer
Joel A. Mintzer

83943651.1